IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL KIMELMAN,<br>2005 Palmer Avenue<br>Larchmont, New York, 10538<br><br>               Plaintiff,<br><br>   V.<br><br>MERRICK GARLAND in his official capacity as Attorney General of the United States, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530,<br><br>          and<br><br>REGINA LOMBARDO,<br>in her official capacity as Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives, 99 New York Avenue, N.E., Washington, D.C. 20226,<br><br>               Defendants. | Civil Action No. 21-cv-675 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Now comes Plaintiff, Michael Kimelman, by and through undersigned counsel, and complains of Defendants as follows:

**INTRODUCTION AND SUMMARY OF ACTION**

1. Plaintiff challenges the complete denial under Section 922 of Title 18 of the U.S. Code of Plaintiff's Second Amendment right to keep and bear arms solely and exclusively on account of his 2011 convictions for federal securities offenses.

2. Section 922(g)(1) prohibits firearm possession by "any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." See also 27 C.F.R. 478.32(a)(1).

3. Section 922(d)(1) prohibits anyone from transferring firearms or ammunition to any transferee whom the transferor has reason to know was convicted of "a crime punishable by imprisonment for a term exceeding one year." See also 27 C.F.R. 478.32(a)(1).

4. Plaintiff asserts four alternative grounds for relief. First, Section 921(a)(20)(A) of Title 18 provides that a " 'crime punishable by imprisonment for a term exceeding one year' does not include . . . any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices." See also 27 C.F.R. 478.11. The conspiracy and securities offenses of which Plaintiff was convicted fall within Section 921(a)(20)(A)'s exception for offenses related to the regulation of business practices similar to the listed offenses.  Plaintiff seeks from the Court a declaration that Section 922(g)(1) and Section 922(d)(1) do not apply to bar him from acquiring and possessing a firearm and entry of an order permanently enjoining Defendants from enforcing Section 922(g)(1) and Section 922(d)(1) against him.

5. Second, if the Court holds that the conspiracy and securities offenses of which Plaintiff was convicted are not excluded by Section 921(a)(20)(A) from the predicate offenses triggering Section 922(g)(1)'s and Section 922(d)(1)'s prohibitions on firearms acquisition and possession, Plaintiff seeks a declaration that the statutory scheme creates an impermissible distinction between federal offenders who are prohibited and federal offenders who are not prohibited under Section 922(g)(1) and Section 922(d)(1) from exercising their fundamental constitutional right to keep and bear arms, in violation of the equal protection component of the

Fifth Amendment to the United States Constitution. The individual right to keep and bear arms is fundamental such that discriminatory governmental classifications restricting the exercise of fundamental rights must be subjected to heightened judicial scrutiny. As applied to Plaintiff, Section 922(g)(1) and Section 922(d)(1) fail to meet this hurdle because the conspiracy and securities offenses of which he was convicted do not involve any violence or force or threat of violence or force, and his convictions provide no evidence or indication that he has any greater propensity for violence, or that he otherwise poses any greater risk to public safety, than a typical person convicted of any of the offenses excluded by Section 921(a)(20)(A) from the predicate offenses triggering Section 922(g)(1)'s and Section 922(d)(1)'s prohibitions on firearms acquisition and possession. Plaintiff is therefore entitled to a permanent injunction barring Defendants from enforcing Section 922(g)(1) and Section 922(d)(1) against him.

6. Third, if the Court holds that the conspiracy and securities offenses of which Plaintiff was convicted are not excluded by Section 921(a)(20)(A) from the predicate offenses triggering Section 922(g)(1)'s and Section 922(d)(1)'s prohibitions on firearms acquisition and possession, Plaintiff seeks a declaration that the statutory scheme creates an impermissible distinction between citizens who are prohibited and citizens who are not prohibited under Section 922(g)(1) and Section 922(d)(1) from exercising their fundamental constitutional right to keep and bear arms, in violation of the equal protection component of the Fifth Amendment to the United States Constitution. The individual right to keep and bear arms is fundamental and discriminatory governmental classifications restricting the exercise of fundamental rights must be subjected to heightened judicial scrutiny. As applied to Plaintiff, Section 922(g)(1) and Section 922(d)(1) fail to meet this hurdle because the conspiracy and securities offenses of which he was convicted do not involve any violence or force, or any threat of violence or force, and his

convictions provide no evidence or indication that he has any greater propensity for violence, or that he otherwise poses any greater risk to public safety, than a typical law-abiding citizen. Plaintiff is therefore entitled to a permanent injunction barring Defendants from enforcing Section 922(g)(1) and Section 922(d)(1) against him.

7. Fourth, if the Court holds that the conspiracy and securities offenses of which Plaintiff was convicted are not excluded by Section 921(a)(20)(A) from the predicate offenses triggering Section 922(g)(1)'s and Section 922(d)(1)'s prohibitions on firearms acquisition and possession, Plaintiff seeks a declaration that, as applied to him, Section 922(g)(1) and Section 922(d)(1) violate the Second Amendment to the United States Constitution by denying his fundamental, individual right to keep and bear arms. The Supreme Court has made clear that restrictions on the individual right to keep and bear arms must be subjected to heightened judicial scrutiny. As applied to Plaintiff, Section 922(g)(1) and Section 922(d)(1) fail to meet this hurdle because the conspiracy and securities offenses of which he was convicted do not involve any violence or force, or any threat of violence or force, and his convictions provide no evidence or indication that he has any greater propensity for violence or that he otherwise poses any greater risk to public safety than a typical law-abiding citizen. Plaintiff is therefore entitled to a permanent injunction barring Defendants from enforcing Section 922(g)(1) and Section 922(d)(1) against him.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331, 28 U.S.C. 2201, and 28 U.S.C. 2202.

9. Venue in this Court is proper pursuant to 28 U.S.C. 1391(e)(1)(A), as Defendants reside in this district.

## THE PARTIES

10. Plaintiff, Michael Kimelman, is a natural person and citizen of the State of New York and of the United States, residing in the Town of Larchmont in Westchester County, New York. Mr. Kimelman desires to purchase and possess firearms for defense of both himself and his family, and for all lawful purposes, including self-protection and target practice, but is prevented from doing so by Sections 922(d)(1) and 922(g)(1) and the implementing regulations promulgated and enforced by Defendants.

11. Defendant Merrick Garland is the Attorney General of the United States and is sued in his official capacity. As the Attorney General, Defendant garland is responsible for executing and administering the laws of the United States, including Sections 922(d)(1) and (g)(1) and their implementing regulations.

12. Defendant, Regina Lombardo, is the Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE") and is sued in her official capacity. As Acting Director of BATFE, Defendant Lombardo is responsible for executing and administering firearms laws of the United States, including Section 922(d)(1) and (g)(1) and their implementing regulations.

## FACTUAL ALLEGATIONS

### The 2011 Convictions

13. On November 5, 2009, Plaintiff was arrested and subsequently indicted for violations of federal securities regulations under the theory of 'insider trading' offenses and conspiracy to commit such offenses.

14. On June 13, 2011, Plaintiff was convicted of conspiracy to commit securities fraud in violation of 18 U.S.C. 371 and securities fraud in violation of 15 U.S.C. 78j(b) and 78ff.

15. A violation of 15 U.S.C. 78j(b) requires a finding that the offender acted in contravention of the SEC rules and regulations created for the public interest and the protection of investors. See, 15 U.S.C. 78j(b).

16. A violation of 15 U.S.C. 78ff requires a finding that the offender acted in contravention of the SEC rules and regulations created for the public interest and the protection of investors. See, 15 U.S.C. 78ff.

17. An element of each of these offenses is that the misstatements made are material. To establish materiality "there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *Basic, Inc. v. Levinson*, 485 U.S. 224, 231–32 (1988). See also *United States v. Reyes*, 577 F.3d 1069, 1075 (9th Cir. 2009) ("To be material, there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having altered the 'total mix' of information made available." (quotation marks omitted)); *United States v. Tarallo*, 380 F.3d 1174, 1182 (9th Cir. 2004) ("For securities fraud, a statement is material if there is a substantial likelihood that a reasonable investor would consider it important in making a decision.").

18. On October 12, 2011, Plaintiff was sentenced to serve 30 months concurrently on each count prison, 500-hour residential drug assistance program, $300.00 court assessment, and forfeiture of monetary funds.

19. Plaintiff served his sentence at Satellite Camp at Lewisburg, Pennsylvania and was released to begin a period of probationary supervision on August 13, 2012. Plaintiff successfully completed his period of supervised release on August 12, 2016. Plaintiff has

completed the sentence for his offenses, as a model prisoner without incident, paid all monetary penalties in full, and has never been charged with another crime.

## The Statutory Scheme

20. Section 922(g)(1) of Title 18 of the U.S. Code prohibits any person who has been convicted of "a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm that has been transported in or affected interstate commerce. *See also*, 27 C.F.R. 478.32(a)(1).

21. Violation of this provision constitutes a felony offense punishable by a prison sentence of up to ten years. 18 U.S.C. 924(a)(2).

22. Section 921(a)(20) of Title 18 of the U.S. Code provides that the term " 'crime punishable by imprisonment for a term exceeding one year' does not include . . . any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices." 18 U.S.C. 921(a)(20)(A). *See also*, 27 C.F.R. 478.11.

23. Section 922(d)(1) of Title 18 of the U.S. Code prohibits anyone from transferring firearms or ammunition to any transferee whom the transferor has reason to know was convicted of "a crime punishable by imprisonment for a term exceeding one year." See also 27 C.F.R. 478.32. A violation of this provision is a felony criminal offense punishable by a prison sentence of up to ten years. *See*, 18 U.S.C. 924(a)(2).

24. All firearms purchasers within the United States who do not possess a Federal Firearms License—that is, virtually all ordinary civilian consumers of firearms—must complete "Form 4473, Firearms Transaction Record Part I – Over-The-Counter," administered under

Defendants' authority, in order to purchase a firearm. 27 C.F.R. 478.124. Question 11(c) on Form 4473 asks:

> Have you ever been convicted in any court of a felony, or any other crime for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?[1]

25.     Defendants instruct firearm dealers not to sell firearms to anyone who answers "yes" to this question. Indeed, Defendants instruct firearm dealers to refrain from even running a background check on anyone who answers yes to this question, and to deny the transaction solely on the basis of that answer: "If a prospective purchaser answered 'yes' to any of the questions on the ATF Form 4473 (other than questions 9 a. and 9 l. of the 10/98 edition), you should not contact the [National Criminal Background Check Service ("NICS")] because the subject is prohibited from purchasing."[2]

### The Infringement of Plaintiff's Second Amendment Rights

26.     Plaintiff desires to acquire and to possess firearms that have travelled in or affect interstate commerce. He desires to acquire and possess such firearms for the defense of himself and his family as well as sport target shooting.

---

[1] U.S. DEP'T OF JUSTICE, BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, ATF E-Form 4473 (Oct. 2016), https://goo.gl/ENPJf1
[2] BATFE, FFL Newsletter Issue I 14, (May 2001), available at https://goo.gl/UeBF2R. See also BATFE, FFL Newsletter Issue II 2 (Sept. 1999), available at https://goo.gl/Q52Shz ("If the prospective purchaser answers 'yes' to any of the questions [regarding eligibility to possess firearms], the licensee has reasonable cause to believe that the transferee is prohibited. Accordingly, the transfer of a firearm to such a person would be in violation of Federal law. This is true regardless of whether the licensee received an [sic] 'proceed' or 'denied' response from NICS. In fact, there is no reason for the licensee to even contact NICS after a person indicates on the Form 4473 that he or she is prohibited from receiving firearms. The licensee should simply advise the prospective purchaser that the firearm may not be transferred.").

27. As a result solely and exclusively of his June 13, 2011 federal convictions, Plaintiff is prohibited from acquiring and possessing any type of firearm based on Defendants' interpretation and enforcement of Section 921(a)(20)(A), Section 922(d)(1), and Section 922(g)(1) and of the corresponding federal regulations.

28. Plaintiff refrains from attempting to acquire a firearm from a licensed dealer only because doing so would be futile given Section 922(d)(1) and because, were he successful, he would be subject to arrest, prosecution, incarceration, and fine, at Defendants' instigation and direction, for violating Section 922(g)(1).

29. Plaintiff cannot lawfully state on Form 4473 that he has not been convicted of a crime punishable by imprisonment for over one year. Were Plaintiff to state on Form 4473 that he has been convicted of such a crime, any firearms dealer licensed by the federal government who complies with Defendants' directives would refuse to sell a firearm to Plaintiff. Moreover, a "yes" response to such a question on a Form 4473 would result in a "Deny" response from the National Instant Criminal Background Check System (NICS)".

30. Plaintiff refrains from acquiring a firearm from a private party because doing so would subject him to arrest, prosecution, fine, and incarceration, at Defendants' instigation and direction, for violating Section 922(g)(1).

31. Plaintiff is thus has suffered and will continue to suffer the real, immediate, and concrete injury of being unable to exercise his Second Amendment rights.

32. As a result of Defendants' enforcement of the aforementioned federal statutes, Plaintiff cannot legally obtain firearms from a licensed federal firearms dealer and/or private party.

33. Plaintiff would be able to obtain and lawfully possess firearms but for Defendants' interpretation and enforcement of Sections 921(a)(20)(A), 922(g)(1), and 922(d)(1).

34. A determination by this court that the offenses of which Plaintiff was convicted does not constitute a forfeiture of the preexisting rights protected by the Second Amendment of Plaintiff to keep and bear arms would restore his ability to lawfully possess firearms in New York State.

35. Under the laws of the State of New York, individuals convicted of a felony offense may not lawfully possess firearms. To restore the Second Amendment rights of an individual convicted of a felony committed in New York State for which he served more than 1 year in prison, the individual may apply for a certificate of relief from civil disabilities through the New York Department of Corrections and Community Supervision.

36. However, New York State has no authority to restore the Second Amendment rights of an individual convicted of a felony based on a violation of federal statute(s). [3]

37. Plaintiff requires a decision from this court that the offenses of which he was convicted are not the type of felony convictions that were intended to forfeit the rights protected by the Second Amendment. Without such an order, Plaintiff will not be able to exercise his Second Amendment rights (i.e., lawfully possess a firearm) in the State of New York or elsewhere.

---

[3] "[A] presidential pardon is the only means by which a person convicted of a federal felony offense may obtain relief from federal firearms disabilities. Under Supreme Court case law interpreting federal firearms laws, a state restoration of civil rights does not remove the federal firearm disability that arises from a federal felony conviction. That relief can only be provided through action under federal law. Although 18 U.S.C. § 925(c) provides that the Attorney General may grant relief from federal firearms disabilities "if it is established to his satisfaction that . . . the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest," there currently is no means to obtain relief through this mechanism. Since Fiscal Year 1992, Congress has prohibited the Bureau of Alcohol, Tobacco, Firearms and Explosives, the agency responsible for processing such requests, from spending any appropriated funds to investigate or act upon applications for such relief. Accordingly, at this time a presidential pardon is the only means by which a person convicted of a federal felony may obtain this relief. https://www.justice.gov/pardon/frequently-asked-questions

38. Plaintiff applied for and was granted a Certificate of Relief from Civil Disabilities by New York State Department of Corrections and Community Supervision ("DOCCS") that restored all other civil disabilities except for Plaintiff's right to lawfully possess firearms. (See FN 3 above).

39. By way of the issuance of a Certificate of Relief, the State of New York has demonstrated its intention to restore Plaintiff to the position that he enjoyed prior to his conviction for the offenses at issue. As such, New York criminal statutes forbidding the possession of firearms by individuals who have been convicted of a felony offense would be inapplicable to Plaintiff should the instant application be granted.

### Plaintiff is Exempted from 18 U.S.C. 922(d)(1) and 922(g)(1)

40. 18 U.S.C. 922(d)(1) and 922(g)(1) are inapplicable to Plaintiff because he was convicted of "offenses pertaining to antitrust violations, unfair trade practices, restraints of trade or other similar offenses relating to the regulation of busines practices." See, 18 U.S.C. 921(a)(20)(A).

41. On September 28, 2018, United States District Court Judge John D. Bates enjoined the Defendants from enforcing 18 U.S.C. 922(d)(l), 922(g)(l), 27 C.F.R. 478.32(a)(l), and 27 C.F.R. 478.99(c)(l) against a defendant who, like Plaintiff, was previously convicted of a federal felony securities offense. See Order and Final Judgment, *Reyes v. Sessions*, Civ. No. 17-1643 (JDB) (D.D.C. Nov. 21, 2018), ECF Nos. 26-27.

42. The "business practices exception" in Section 921(a)(20)(A) "excludes from the felon-in-possession statute predicate offenses relating to the regulation of business practices that are designed to address economic harm to competition or consumers. An offense relating to the regulation of business practices qualifies under the exception if either its primary purpose or the

elements of the violation demonstrate that it was primarily intended to address such harm." *Reyes v Sessions,* 342 F.Supp.3d 141, 156, 2018 U.S. Dist. LEXIS 167431.

43. Like Mr. Reyes, Plaintiff was also convicted of 15 U.S.C. 78j(b) and 78ff, which are non-violent commercial offenses "designed primarily to address economic harm to competition or consumers." *Reyes v Sessions,* 342 F.Supp.3d at 151.

44. Similarly, the statutes of which Plaintiff was convicted were "intended to regulate business practices in order to protect investors – i.e., purchasers of securities in the securities market – from economic harm." *Reyes v Sessions,* 342 F.Supp.3d at 153-154 ("Such laws and regulations primarily ensure that investors have sufficient information to make informed decisions to minimize their risk of economic loss – i.e., they are primarily concerned with protecting securities purchasers through the regulations of business practices."). As such, Plaintiff falls within the "business practice" exception under Section 921(a)(20)(A).

COUNT ONE
INTERPRETATION OF SECTIONS 921(a)(20)(A), 922(g)(1), AND 922(d)(1)

45. The allegations of paragraphs 1 through 44 are incorporated as though fully set forth herein.

46. Plaintiff's federal convictions for securities offenses cannot be the predicate offenses for the firearms disability under Section 922(g)(1) and Section 922(d)(1) because those convictions were for offenses relating to the regulation of business practices similar to the "Federal or State offenses pertaining antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices" and thus are excluded from Section 922(g)(1) and Section 922(d)(1) under Section 921(a)(20)(A).

47. Plaintiff is entitled to declaratory and injunctive relief barring Defendants from enforcing Section 922(g)(1) and Section 922(d)(1) against him on account of his convictions for

conspiracy to commit securities fraud in violation of 18 U.S.C. 371 and securities fraud in violation of 15 U.S.C. 78j(b) and 78ff.

## COUNT TWO
## EQUAL PROTECTION OF LAW

48. The allegations of paragraphs 1 through 47 are incorporated as though fully set forth herein.

49. If the securities and accounting offenses of which Plaintiff was convicted are not excluded by Section 921(a)(20)(A) from the predicate offenses triggering Section 922(g)(1)'s and Section 922(d)(1)'s prohibitions on firearms acquisition and possession, the statutory scheme creates an impermissible distinction between federal offenders who are prohibited and federal offenders who are not prohibited under Section 922(g)(1) and Section 922(d)(1) from exercising their fundamental constitutional right to keep and bear arms, in violation of the equal protection component of the Fifth Amendment to the United States Constitution.

50. The individual right to keep and bear arms is fundamental, and discriminatory governmental classifications restricting the exercise of fundamental rights must be subjected to heightened judicial scrutiny. As applied to Plaintiff, Section 922(g)(1) and Section 922(d)(1) fail to satisfy such scrutiny because the securities and accounting offenses of which he was convicted do not involve any violence or force, or any threat of violence or force, and his convictions provide no evidence or indication that he has any greater propensity for violence, or that he otherwise poses any greater risk to public safety, than a typical person convicted of any of the offenses excluded by Section 921(a)(20)(A) from the predicate offenses triggering Section 922(g)(1)'s and Section 922(d)(1)'s prohibitions on firearms acquisition and possession.

51. If applicable to Plaintiff, Section 922(g)(1) and Section 922(d)(1) are unconstitutional as to him, and he is entitled to declaratory and injunctive relief barring

Defendants from enforcing Section 922(g)(1) and Section 922(d)(1) based on his convictions for conspiracy to commit securities fraud in violation of 18 U.S.C. 371 and securities fraud in violation of 15 U.S.C. 78j(b) and 78ff.

## COUNT THREE
## SECOND AMENDMENT RIGHT TO KEEP AND BEAR ARMS

52. The allegations of paragraphs 1 through 53 are incorporated as though fully set forth herein.

53. If the securities and accounting offenses of which Plaintiff was convicted are not excluded by Section 921(a)(20)(A) from the predicate offenses triggering Section 922(g)(1)'s and Section 922(d)(1)'s prohibitions on firearms acquisition and possession, Section 922(g)(1) and Section 922(d)(1) violate the Second Amendment to the United States Constitution by denying his fundamental, individual right to keep and bear arms.

54. Restrictions on the individual right to keep and bear arms must be subjected to heightened judicial scrutiny. As applied to Plaintiff, Section 922(g)(1) and Section 922(d)(1) fail to satisfy such scrutiny because the conspiracy and securities offenses of which he was convicted do not involve any violence or force, or any threat of violence or force, and his convictions provide no evidence or indication that he has any greater propensity for violence or that he otherwise poses any greater risk to public safety than a typical law-abiding citizen.

55. If applicable to Plaintiff, Section 922(g)(1) and Section 922(d)(1) are unconstitutional as to him, and he is entitled to declaratory and injunctive relief barring Defendants from enforcing Section 922(g)(1) and Section 922(d)(1) against him based on his convictions for conspiracy to commit securities fraud in violation of 18 U.S.C. 371 and securities fraud in violation of 15 U.S.C. 78j(b) and 78ff.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendants as follows:

a. Declaratory relief to the effect that, pursuant to 18 U.S.C. 921(a)(20)(A) and 27 C.F.R. 478.11, the prohibitions of Section 922(g)(1) and Section 922(d)(1), and 27 C.F.R. 478.32(a)(1) and 27 C.F.R. 478.99(c)(1), do not apply to, and cannot be applied against, Plaintiff Michael Kimelman on account of his 2011 convictions for conspiracy to commit securities fraud in violation of 18 U.S.C. 371 and securities fraud in violation of 15 U.S.C. 78j(b) and 78ff;

b. Declaratory relief to the effect Section 922(g)(1) and Section 922(d)(1), and 27 C.F.R. 478.32(a)(1) and 27 C.F.R. 478.99(c)(1), if and as applied to Plaintiff Michael Kimelman, violate the equal protection component of the Fifth Amendment to the United States Constitution;

c. Declaratory relief to the effect that Section 922(g)(1) and Section 922(d)(1), and 27 C.F.R. 478.32(a)(1) and 27 C.F.R. 478.99(c)(1), if and as applied to Michael Kimelman, violate the Second Amendment to the United States Constitution;

d. An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing Section 922(g)(1) and Section 922(d)(1), and 27 C.F.R. 478.32(a)(1) and 27 C.F.R. 478.99(c)(1), against Plaintiff Michael Kimelman as a result of his 2011 convictions;

  e. Costs of suit;

  f. Attorney Fees and costs pursuant to 42 U.S.C. 1988 and pursuant to 28 U.S.C. 2412;

and

  g. Any other such further and different relief as the Court deems just and appropriate.

Dated: March 12, 2021
   Scarsdale, New York

            Respectfully submitted,

            /s/ Amy L. Bellantoni
            Amy L. Bellantoni, Esq.
            The Bellantoni Law Firm, PLLC
            2 Overhill Road, Suite 400
            Scarsdale, New York 100583
            (914) 367-0090 (t)
            (888) 763-9761 (f)
            abell@bellantoni-law.com
            DC District Bar No. NY0355
            *Counsel for Plaintiff*