UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL KIMELMAN, <br><br> *Plaintiff*, <br><br> v. <br><br> MERRICK B. GARLAND et al., <br><br> *Defendants*. | Civil Action No. 21-675 (TJK) |

## **MEMORANDUM**

As a convicted felon, Michael Kimelman cannot purchase or possess firearms under federal law. *See* 18 U.S.C. § 922(d)(1), (g)(1). Thus, he sued Defendants, seeking declaratory and injunctive relief from the application of these federal statutes against him. The Court, however, found that he lacks standing because New York law independently bars him from purchasing or possessing firearms. *See* ECF No. 13. Accordingly, the Court dismissed his case. *See* ECF No. 12. Now, he moves for the Court to reconsider its decision under Federal Rules of Civil Procedure 59(e) and 60(b)(1), (6). *See* ECF No. 15. The Court will deny his motion.

Relief under Rules 59(e) and 60(b) is rare. Rule 59(e) motions will not be granted unless "there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (cleaned up). Rule 60(b)(1) is reserved for when the court "has committed an obvious error, such as basing its legal reasoning on case law that it failed to realize had recently been overturned, or in the very limited situation when the controlling law of the circuit changed between the time of the court's judgment and the . . . motion." *Avila v. Dailey*, 404 F. Supp. 3d

15, 23 (D.D.C. 2019) (cleaned up).  And Rule 60(b)(6) is a catch-all, authorizing the court to relieve a party from final judgment in other "extraordinary circumstances."  *Attias v. CareFirst, Inc.*, 518 F. Supp. 3d 43, 50 (D.D.C. 2021).  None of these provisions are "an opportunity to reargue old facts and theories upon which a court has already ruled."  *Comm. of 100 on the Fed. City v. Fox*x, 106 F. Supp. 3d 156, 160 (D.D.C. 2015) (quoting *Fresh Kist Produce, LLC v. Choi Corp.*, 251 F. Supp. 2d 138, 140 (D.D.C. 2003); *see Avila*, 404 F. Supp. 3d at 27.

All Kimelman does in his motion is repeat arguments he made the first time around.  He argues, once again, that only this Court can restore his ability to own and possess a gun in New York because only federal law stands in his way.  *See* ECF No. 15 at 9–15.  But once again, this argument conflates his firearm rights under federal law with his firearm rights under state law.  *See* ECF No. 13 at 5, 7–8.  And his only response to that conclusion is that he disagrees, *see* ECF No. 15-1 at 13 ("separating Plaintiff's rights out into 'federal rights' and 'state rights' is a flawed distinction"), which does not support relief from this Court's judgment.  *See Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 78 (D.D.C. 2013); *Muñoz v. Bd. of Trs. of Univ. of D.C.*, 730 F. Supp. 2d 62, 67 (D.D.C. 2010); *see also Carter v. Watkins*, 995 F.2d 305, 1993 WL 210853, at *2 (D.C. Cir. 1993) (per curiam) (table).

Simply put, Kimelman has not met the high bar for relief under either Rule 59(e) or Rule 60(b).  Accordingly, the Court will deny his motion.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: May 3, 2022